UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 1:12-cr-309 |
| ) | |
| JACKSON BRAD WHITE, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jackson Brad White, Jr.'s *pro se* Motion for Compassionate Release (the "Motion"), [Doc. No. 109]. Defendant has also submitted a letter in support of his Motion. [Doc. No. 116]. The Government has filed an Opposition, [Doc. No. 117], which Defendant has not replied thereto.[1] For the following reasons, the Motion is DENIED.

### I. BACKGROUND

Defendant was sentenced to 180-months of imprisonment on December 14, 2012 for Conspiracy to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

In February 2021, Defendant moved for compassionate release for the first time, asserting that his medical conditions and susceptibility to "falling gravely ill" from COVID-19 warranted a sentence reduction (the "First Motion"). [Doc. No. 86] at 6. The Court denied the First Motion in April 2021. [Doc. No. 93]. In March 2022, Defendant filed an Emergency Supplemental Motion

---

[1] However, Defendant did file a Motion for Summary Judgment, [Doc. No. 121], asserting he was entitled to relief on his Compassionate Release Motion because the Government had not responded. Notwithstanding the fact that the Government did file a timely opposition, the Motion for Summary Judgment is improper and is denied.

in which he contended that the then-present surge of the Omicron variant of the coronavirus and his susceptibility to it supported a sentence reduction (the "Second Motion"). [Doc. No. 98]. The Court denied the Second Motion in April 2022. [Doc. No. 102].

Pending before the Court is the Defendant's third Motion for Compassionate Release. [Doc. No. 109]. In support of his Motion, Defendant argues four grounds for reducing his sentence: (1) Attorney General Garland's December 16, 2022 memorandum, *id.* at 2-3; (2) Defendant's purportedly "harsh term of imprisonment" during the COVID-19 pandemic, *id.* at 6-7; (3) Defendant's family circumstances, *id.* at 7-8; and (4) the sentencing factors outlined in 18 U.S.C. §3553(a), *id.* at 3-6.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Though nonbinding, the policy statement found in U.S.S.G. § 1B1.13 provides "helpful guidance." *United States v. McCoy*, 981 F.3d 271, 279, 281 (4th Cir. 2020). Factors listed in § 1B1.13 include a defendant's medical condition, age, and family circumstances. *See id.* at 276-77 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)-(C)).

Regarding COVID-19, the existence of the pandemic alone does not create an extraordinary and compelling reason for compassionate release. *United States v. Feiling*, 453 F. Supp. 3d 832, 842 (E.D. Va. 2020). To demonstrate that an extraordinary and compelling reason for the modification of a sentence exists, a defendant must "show[] [both] a particularized susceptibility to the disease and a particularized risk of contracting the disease at [their] prison facility." *Id.* at 841. A defendant must at least demonstrate that "the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical

condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); *see also United States v. Ogun*, No. 4:12-cr-4, 2023 U.S. Dist. LEXIS 31329, at *20 (E.D. Va. Feb. 24, 2023) ("Thus, to demonstrate extraordinary and compelling reasons for release due to the COVID-19 pandemic, a defendant must at least demonstrate that 'he is more at risk for an adverse outcome in prison than he would be if released'" (quoting *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022))).

A family circumstance can constitute an extraordinary and compelling reason for a sentence reduction if a child or an incapacitated adult has no other caretaker than the defendant-movant who would otherwise be the only primary caretaker. *See United States v. Barlow*, No. 7:19-cr-24, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023) (concluding defendant's family circumstances did not warrant release because her aunt was an available caretaker for defendant's daughter); *United States v. Holt*, No. 1:20-cr-55, 2021 WL 2457064, at *6 (E.D. Va. June 16, 2021) (holding defendant's family circumstances did not warrant release because his two other brothers were available caretakers for his mother). The movant bears the burden of demonstrating that their family circumstance constitutes an extraordinary and compelling reason for release. *See United States v. Bland*, No. 2:16-cr-153, 2021 WL 4975271, at *2 (E.D. Va. Oct. 26, 2021) ("It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).") (citing *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019)).

Before reducing a defendant's sentence, a court must additionally consider the sentencing factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). These factors include the nature and seriousness of a defendant's offense and criminal history, the need to avoid unwarranted sentence disparities, and the kinds of sentences available. 18 U.S.C. § 3553(a). A defendant's

3

rehabilitation efforts cannot serve as the sole basis for compassionate release. *See United States v. Lloyd*, No. 2:11-cr-36, 2020 WL 4501811, at *4 (E.D. Va. Aug. 5, 2020) ("While the Court commends Defendant for his documented efforts to work toward rehabilitation during his term of incarceration, his good behavior and pursuit of education in an institutional setting is insufficient to tip the scales in his favor based on the consideration of the record as a whole."); *United States v. Pilgrim*, No. 3:19-cr-50, 2021 WL 2003548, at *4 (E.D. Va. May 19, 2021) ("But [defendant's] commendable activity does not overcome [defendant's] violent offense conduct or lessen in any way the need to deter her and to protect the public.").

### III. ANALYSIS

#### A. Department of Justice Memorandum

On December 16, 2022, Attorney General Merrick Garland released a memorandum ("the Memorandum") detailing changes to the Department of Justice's policies. The Memorandum recommends that federal prosecutors treat crack cocaine as equivalent to powder cocaine in charging decisions and sentencing advocacy. *See United States v. Fernandez*, No. 13-cr-20, 2023 WL 2584197, at *1 (S.D.N.Y. Mar. 21, 2023). Defendant argues that the Memorandum creates a disparity between the sentence he received and the sentence he would receive today under the revised policy. [Doc. No. 109] at 2.

However, as this Court, Judge Jackson presiding, has previously held, the Memorandum does not provide a *per se* standalone extraordinary and compelling reason for a sentence reduction because it is not a change to the law. *See Goffigan v. United States*, No. 2:16-cr-34, 2023 WL 3550896, at *5 (E.D. Va. May 18, 2023) ("[T]he Attorney General's memorandum does not reflect a change to current law . . . [I]t is an internal policy document for the Department of Justice and there is no basis to conclude that the United States Attorney's Office would make a different

4

charging decision."); *United States v. Sterling*, No. 2:05-CR-20061-01, 2023 WL 2804902, at *3 (W.D. La. Apr. 4, 2023) (denying compassionate release based on the guidance in the Memorandum because the Memorandum does not reflect a change to current law, and thus, no disparity exists between the defendant's actual sentence and what it would be under current law); *see also Baranco v. United States*, No. 20-CR-0135-6 (JMF), 2023 WL 2612215, at *2 (S.D.N.Y. Mar. 23, 2023) ("[N]othing in the Attorney General's December 16, 2022 memorandum provides the Court with authority to alter [the defendant's] sentence."). Therefore, the Memorandum does not provide independent grounds for the Court to find that extraordinary and compelling reason exists for a sentence reduction because the document itself does not create a disparity between Defendant's actual sentence and what it would be under current *law* (not Department of Justice *policy*). Nevertheless, the Court will consider the Memorandum holistically as a consideration, particularly within the context of the § 3553(a) factors should Defendant sufficiently establish an independent extraordinary and compelling reason.

### B. Purported Medical Conditions

Defendant renews his argument that his medical conditions constitute an extraordinary and compelling reason for a sentence reduction. [Doc. No. 109] at 6. But Defendant does not introduce any significant evidence or otherwise claim a meaningful change in his circumstances for the Court to reach a different outcome than it did following his First Motion. *Id.* at 6-7. He merely argues that "[t]he sentence given to [Defendant] did not include the fear, stress, and mental anguish, and anxiety" of fighting the virus again. *Id.* at 7.

Because there is no evidence of significant changes in Defendant's circumstances or his medical records, the Court will not reach a different result here. *See United States v. Poulson*, No. 2:18-cr-49 (RCY), 2022 WL 3970198, at *3 (E.D. Va. Aug. 31, 2022) (denying defendant's

compassionate release based on his medical conditions because the defendant did "not bring any new arguments related to his own medical situation or conditions of confinement in the present motion" after the court rejected the defendant's previous motion based on the same argument). To the extent that Defendant fears contracting COVID-19 again, that is an insufficient basis for compassionate release. *See Ogun*, 2023 U.S. Dist. LEXIS 31329, at *20 ("Fear of COVID doesn't automatically entitle a prisoner to release.") (quoting *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021)).

## C. Family Circumstances

Defendant contends that the mental stress on his children warrants a sentence reduction, noting in particular his daughter's recent suicide attempt. [Doc. No. 109] at 7. Although the Court is not unsympathetic, Defendant's daughter does have another caretaker — her mother. *Id.* at 8. Accordingly, Defendant's family circumstances do not warrant release. *See Barlow*, 2023 WL 2755598, at *4 (denying compassionate release because the defendant's child had another suitable caretaker).

Defendant also argues that the medical conditions of his parents warrant a sentence reduction. [Doc. No. 109] at 8. In April 2023, Defendant submitted a supplemental letter explaining that his father passed away and his mother needed a caretaker. [Doc. No. 116]. However, Defendant has not established that his desire to care for his mother would amount to an extraordinary and compelling reason for release because Defendant has not established himself as his mother's only available caretaker. In fact, Defendant has advised that he has two adult siblings, [Doc. No. 73] at 26, and despite his claim that he is his mother's "only caregiver," [Doc. No. 116] at 1, he fails to explain why his adult siblings are not suitable caregivers. Accordingly, Defendant has failed to establish that he is the only individual able to care for his mother, and thus, family

6

circumstances cannot form the basis for his early release. *See United States v. Ellis*, No. 3:17-cr-146, 2021 U.S. Dist. LEXIS 142964, at *14 (E.D. Va. July 29, 2021) (concluding that defendant's desire to care for his mother does not constitute an extraordinary and compelling reason for release because "the record does not make clear that [defendant] is the only available individual to act in that role"); *Poulson*, 2022 WL 3970198, at *3 (denying defendant's compassionate release based on his desire to care for his mother because the defendant did not provide any evidence that he was the only caretaker for his mother); *Holt*, 2021 WL 2457064, at *6 (denying defendant's compassionate release because "it is not clear to the Court that Defendant is the *only* individual able to care for his ailing mother"). Therefore, Defendant's family circumstances, based on the mental stress on his children and his desire to care for his mother, should not warrant release.

### D. § 3553(a) Sentencing Factors

Here, Defendant has failed to raise grounds which, considered in conjunction or independently, would constitute an extraordinary and compelling reason for his release. Nevertheless, even if the Court were to find such a reason existed, Defendant's release would still not be supported by the 3553(a) sentencing factors.

Defendant points to his rehabilitative efforts, which include his completion of drug education classes, jobs across multiple facilities, and engagement in various prison programs. [Doc. No. 109] at 4-5. He also notes his positive impact on the other inmates through helping them build resumes, tutoring, mentoring, and counseling. *Id.* at 5.

While admirable, Defendant's rehabilitative efforts alone do not warrant release, especially given the other 3553(a) sentencing factors. *See Pilgrim*, 2021 WL 2003548, at *4 (finding that defendant's commendable activities such as taking educational and vocational courses and earning her GED do not overcome her offense in light of the 3553(a) sentencing factors). The need for

deterrence and to protect the public from further crimes outweighs any purported rehabilitation. Defendant has an extensive criminal history that spans more than fifteen years and includes several convictions for violent conduct ranging from reckless handling of a firearm to robbery. [Doc. No. 73]. Moreover, contrary to Defendant's argument about his desire to care for his family, his criminal record includes prior convictions for domestic assault, assault and battery of a family member, and two instances of contributing to the delinquency of a minor. *Id.* at 10-13, 15. In light of Defendant's violent criminal history and the seriousness of his drug convictions, and upon consideration of the nature of the crime, Defendant's characteristics, and the need for deterrence, the Court concludes that reducing Defendant's sentence is inappropriate, and that his rehabilitative efforts are "insufficient to tip the scales in his favor based on the consideration of the record as a whole." *Lloyd*, 2020 WL 4501811, at *4.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion, [Doc. No. 109], be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
August 24, 2023

8